IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| RICHARD K. JACKSON, | ) |
| --- | --- |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No.14-1034-SLR ) |
| RORY RUSSEL, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM**

1. **Introduction.** Plaintiff, an inmate at the Sussex Correctional Institution ("SCI"), Georgetown, Delaware, proceeds pro se and has been granted leave to proceed in forma pauperis. He filed this complaint pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons. The matter proceeds on the original complaint with service on the sole defendant named therein, Rory Russell. Before the court are several motions filed by plaintiff. (D.I. 21, 24, 25, 35, 36)

2. **Motion to Compel.** Plaintiff moves to compel defendant to respond to discovery requests. (D.I. 21) The court will grant the motion. Pursuant to Fed. R. Civ. P. 26:

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

3. Plaintiff served defendant with discovery requests on or about March 28, 2015. When defendant did not respond to the discovery in a timely manner, plaintiff wrote to defense counsel about the outstanding discovery, but defendant failed to respond to the discovery. Defendant did not file an opposition to the motion to compel and the time has long passed for him to respond to plaintiff's request for production of documents, interrogatories, and request for admissions. *See* Fed. R. Civ. P. 33, 34, 36.

4. Defendant shall provide the documents requested in the request for production of documents and answer the interrogatories. *See* Fed. R. Civ. P. 33 (any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure.) The admissions are deemed admitted. *See* Fed. R. Civ. P. 36(a)(3) (a matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.).

5. **Deposition upon Written Questions**. Plaintiff seeks to depose defendant and non-party witnesses upon written questions pursuant to Fed. R. Civ. P. 31. (D.I. 24) The court will grant plaintiff's motion for leave to depose defendant by written questions.

6. The court will deny without prejudice to renew plaintiff's motion for leave to depose non-party witnesses upon written questions upon a showing by plaintiff that he has the ability to pay for the expenses of non-party depositions upon written question, including any costs associated with issuance of the subpoena, such as photocopy fees, witness fees, or mileage. Federal courts are not authorized to waive or pay witness

2

fees for indigent litigants and an inmate proceeding in forma pauperis in a civil action may not issue subpoenas without paying the required fees. *See Jacobs v. Heck*, 364 F. App'x 744, 748 (3d Cir. 2010) (unpublished) (court did not err in holding that inmate must pay the fees and costs for any prison official he wished to subpoena for trial). *See also Canady v. Kreider*, 892 F. Supp. 668, 670 (M.D. Pa. 1995) (finding that there is no statutory provision authorizing a federal court to waive or provide for payment of witness fees required by 28 U.S.C. § 1821(a) and holding that "a litigant proceeding in forma pauperis is required to tender witness fees as provided in § 1821 to effect service of subpoenas under Rule 45(b)(1)).

7. **Amendment**. Plaintiff filed a motion for leave to amend his complaint (D.I. 25) on June 4, 2015 and, later, filed a motion to strike, construed by the court as a motion to withdraw D.I. 25 (D.I. 35), followed by another motion for leave to file an amended complaint (D.I. 36) on July 1, 2015. The court will grant the motion to withdraw and will deny as moot the June 4, 2014 motion for leave to amend at D.I. 25. The court will deny the July 1, 2015 motion for leave to file an amended complaint due to futility of amendment.

8. The proposed amended complaint seeks to add Robert Coupe ("Coupe", Perry Phelps ("Phelps"), G.R. Johnson ("Johnson"), and Dean Blades ("Blades") as defendants to this action. The proposed amendment speaks to a grievance plaintiff submitted that was investigated by Blades who held a hearing and forwarded the grievance to Johnson. Johnson denied the grievance and the denial was affirmed by Phelps. Plaintiff's proposed claim against Coupe is that, as the Commissioner for the

3

Delaware Department of Correction ("DOC"), he is responsible for ensure inmates are not deprived of their right to practice their religion.

9. The filing of prison grievances is a constitutionally protected activity. *Robinson v. Taylor*, 204 F. App'x 155, 157 (3d Cir. 2006) (unpublished). To the extent that plaintiff bases his claims upon his dissatisfaction with the investigation, grievance procedure, or denial of his grievance, the claims fail because an inmate does not have a free-standing constitutionally protected right to an effective grievance process. *See Woods v. First Corr. Med., Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011) (unpublished) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). Notably, the denial of grievance appeals does not in itself give rise to a constitutional claim as plaintiff is free to bring a civil rights claim in district court. *Winn v. Department of Corr.*, 340 F. App'x 757, 759 (3d Cir. 2009) (citing *Flick v. Alba*, 932 F.2d at 729). Plaintiff cannot maintain a constitutional claim based upon his perception that his grievance were not properly investigated, denied, or that the grievance process is inadequate. Accordingly, the proposed amendment is futile.

10. With regard to the proposed claim against Coupe, it is evident that it is raised against him based upon his supervisory position as the DOC Commissioner. It is well established that claims based solely on the theory of respondeat superior or supervisor liability are facially deficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676–77 (2009); *see also Solan v. Ranck*, 326 F. App'x 97, 100–01 (3d Cir. 2009) (unpublished) (holding that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior"). Hence, the proposed amendment against Coupe is futile.

4

11. **Conclusion**. The court will: (1) grant the motion to compel (D.I. 21); (2) grant in part and deny in part without prejudice to renew the motion for depositions upon written questions (D.I. 24); (3) deny as moot the June 4, 2015 motion to amend (D.I. 25); (4) grant the motion to withdraw D.I. 25 (D.I. 35); and (5) deny the motion for leave to file a second amended complaint (D.I. 36). A separate order shall issue.

/s/
UNITED STATES DISTRICT JUDGE

Date: August 17, 2015